UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DANIEL PROFFITT,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JOE LIZARRAGA,<br><br>　　　　Respondent. | No. 2:19-cv-1510 CKD P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.     <u>Application to Proceed In Forma Pauperis</u>

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. (ECF No. 2.) Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

II.     <u>Petition</u>

In the instant petition, petitioner challenges his 2001 conviction in Shasta County Superior Court Case No. 01F3667. (ECF No. 1 at 1.)

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals. <u>Felker v. Turpin</u>, 518 U.S. 651, 657 (1996). Prior authorization is a jurisdictional requisite. <u>Burton v.</u>

Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530. "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008)).

The petition indicates (ECF No. 1 at 13), and the court's records confirm, that petitioner has previously filed an application for a writ of habeas corpus attacking the conviction and sentence challenged in this case. The previous application was filed by the Clerk of the Court on September 27, 2006, and was denied as untimely on September 27, 2007. Proffitt v. Campbell, No. 2:06-cv-2143 GEB GGH (E.D. Cal.), ECF Nos. 1, 101, 104. This court takes judicial notice of the record in that proceeding. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases."). The Ninth Circuit has held "that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

Before petitioner can proceed on his claims, he must submit a request to the United States Court of Appeals for the Ninth Circuit to issue an order authorizing the district court to consider the application and that request must be granted. 28 U.S.C. § 2244(b)(3). Petitioner has not provided any evidence that he has received the required authorization and, in fact, has attached an order indicating that he has been denied such leave (ECF No. 1 at 20-21). The undersigned will therefore recommend that this action be dismissed without prejudice to re-filing once petitioner receives authorization to proceed from the Ninth Circuit.

////

2

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2), is granted.

2. The Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 19, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

AC/kw:prof1510.successive.f&r