UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DANIEL PROFFITT,<br><br>    Petitioner,<br><br>    v.<br><br>JOE LIZARRAGA,<br><br>    Respondent. | No. 2:19-cv-1510 WBS CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

By order filed September 3, 2019, this action was dismissed (ECF No. 11) and judgment was entered the same day (ECF No. 12). Petitioner filed objections to the findings and recommendations on December 5, 2019,[1] (ECF No. 18), followed by a motion for rehearing on January 5, 2020 (ECF No. 19), which will be construed as motions for reconsideration.

A motion for reconsideration or relief from a judgment is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989)). The motion "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed [within the time provided by that Rule]. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." Am. Ironworks & Erectors, Inc. v. N.

---

[1] Since petitioner is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988).

1

1 Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) (citations omitted).  Since plaintiff's
2 motion for reconsideration was filed more than twenty-eight days after the entry of judgment, the
3 motions are considered under Rule 60(b).

4 "Rule 60(b) enumerates specific circumstances in which a party may be relieved of the
5 effect of a judgment, such as mistake, newly discovered evidence, fraud, and the like.  The Rule
6 concludes with a catchall category—subdivision (b)(6)—providing that a court may lift a
7 judgment for 'any other reason that justifies relief.'  Relief is available under subdivision (b)(6),
8 however, only in 'extraordinary circumstances.'"  Buck v. Davis, 137 S. Ct. 759, 771-72 (2017).
9 Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different
10 facts or circumstances are claimed to exist which did not exist or were not shown upon such prior
11 motion, or what other grounds exist for the motion; and why the facts or circumstances were not
12 shown at the time of the prior motion."  L.R. 230(j)(3)-(4).

13 The petition was dismissed without prejudice because it was an unauthorized second or
14 successive petition.  (ECF Nos. 5, 11.)  In his motions to reconsider, petitioner argues that his
15 newly presented evidence relates back to his original claims (ECF No. 18 at 1) and that the court
16 should have ordered the production of transcripts (ECF No. 19 at 1-3).  Neither motion provides
17 any basis for finding that petitioner has received authorization from the Ninth Circuit to proceed
18 on his petition and the motions should therefore be denied.

19 Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motions for
20 reconsideration (ECF Nos. 18, 19) be denied.

21 These findings and recommendations are submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
23 after being served with these findings and recommendations, petitioner may file written
24 objections with the court.  Such a document should be captioned "Objections to Magistrate
25 Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections
26 ////
27 ////
28 ////

2

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 13, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:prof1510.60b.f&r

3